Military pay; promotions; nonselection for promotion; selection boards without reserve members; correction boards; back pay; retired pay; relook selection boards. — On February 15, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff is an officer who held a commission in the Army Reserves and who was separated from the service because of two passovers for promotion to the next higher temporary rank. Plaintiff was a major when released from active duty on October 20, 1975. As of that date, defendant concedes that plaintiff had credited for retirement purposes 17 years 6 months 24 days of active duty. Plaintiff alleges that on March 26, 1976, but for his allegedly illegal separation from the service, he would have completed 18 years of active duty and would at that time have become eligible to serve a full 20 years and thereby earn military retired pay as contemplated by 10 U.S.C. §§ 1163(d), 3911, 3926, 3991 (1976). Whatever the date on which plaintiff would have achieved his 18 years (there being a slight *642 discrepancy between the dates suggested by the parties), it makes no difference which is selected for immediate purposes because it is clear that but for his illegal separation plaintiff would have achieved retired status because in fact he reached his 18-year mark well before any final action by relook selection boards in October 1976.
Plaintiffs separation took place as a result of the actions of two promotion or selection boards improperly constituted in that they had no Reserve officers in their membership as required by 10 U.S.C. § 266(a) (1976), Department of Defense Instruction No. 1205.4 (June 23, 1959), and AR 624-100, ¶ 16b(5). Defendant admits that the boards which considered plaintiff for promotion in 1974 and 1975 were improperly constituted. It follows they had no authority to nonselect plaintiff so as to cause his separation from active duty.
The Army Board for Correction of Military Records (ABCMR) in a report dated October 27, 1976, concluded that the 1974 and 1975 selection boards, as constituted, had worked an injustice on plaintiff and other Reserve officers in his situation. The ABCMR recommended, and on January 27, 1976, the Secretary of the Army approved, the creation of new and properly constituted boards to reconsider all officers in plaintiffs zone of promotion, using those oficers’ records exactly as they appeared before the original boards and using the same criteria to judge whether they should be promoted.
The two reconstituted promotion boards completed their review of plaintiff and certain similarly situated officers in October 1976. On November 12, 1976, the ABCMR advised plaintiff that the relook boards had again passed him over and that it was therefore determined plaintiffs previous nonselection for promotion under the 1974 and 1975 boards was neither erroneous nor unjust. No relief was thus extended to plaintiff who now sues for a determination that he was not legally separated on October 20, 1975, that as of the date of the ABCMR’s final action plaintiff had completed more than 18 years of service and was thus entitled to complete 20, pursuant to statute and regulation, and to receive his retired pay, that he is entitled to back pay from October 20, 1975, to March 26, 1978, when he would assume retired status, and that the court should *643 issue an order to the Secretary of the Army to make such corrections in his records as will show plaintiff was not lawfully separated on October 20, 1975. He also sues for costs and attorney fees which we do not allow.
Plaintiff is clearly entitled to recover. He is deemed to have served on active duty until lawfully separated. This did not happen until after he had achieved his 18 years of service, active and constructive, because the relook boards could not undo the illegal action of the 1974 and 1975 selection boards whose decision was prejudicial error, in violation of statute and regulation. Doyle v. United States and Adams v. United States (considered in the same opinion), 220 Ct. Cl. 285, 599 P. 2d 984 (1979); Eddy v. United States, post at 650.
it is therefore ordered, upon the authority of the cases cited and upon consideration of the motions and briefs, including an amicus brief, without oral argument, that plaintiff is entitled to and is granted judgment for constructive active duty back pay and allowances from his date of separation, October 20, 1975, to the date he would be eligible for retired pay which, from the record before the court, would be March 26, 1978, and to retired pay thereafter, in the grade of major. All back pay is subject to any offsets as required by law. Plaintiffs motion for summary judgment is granted, but without costs, interest, or attorney fees. Defendant’s cross-motion for summary judgment is denied. Pursuant to Rule 131(c) the case is remanded to the trial division for determination of the amount of recovery. The Secretary of the Army is directed to correct plaintiffs records and to implement the relief set forth above and made a part of this judgment.